UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BELINDA G. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-1955 (PLF) |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion to Dismiss or Alternatively for Summary Judgment [Dkt. No. 12] filed by defendant, the Social Security Administration ("Administration"). The Administration argues that this Court should dismiss Ms. Johnson's Complaint [Dkt. No. 1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, grant summary judgment for the Administration pursuant to Rule 56 of the Federal Rules of Civil Procedure. Because consideration of the Administration's Motion could potentially dispose of this case, the Court advises Ms. Johnson, proceeding pro se, of the following:

In Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) (per curiam), the D.C. Circuit held that a district court must take pains to advise a pro se party of the consequences of failing to respond to a dispositive motion. See id. at 509. The Court must provide "notice . . . [that] include[s] an explanation that the failure to respond to an adverse party's . . . motion may result in the . . . court granting the motion and dismissing the case." Id. In addition, this Court's Local Civil Rules concerning motions to dismiss state that "within 14 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of

points and authorities in opposition to the motion," or the Court "may treat the motion as conceded," or it may consider the merits of any motion not timely opposed. See D.C. LCvR 7(b); Hopkins v. Women's Div., Gen. Bd. of Global Ministries, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (same), aff'd, 98 F. App'x 8 (D.C. Cir. 2004).

The Court hereby advises Ms. Johnson of her obligations under the Federal Rules of Civil Procedure and this Court's Local Civil Rules. If Ms. Johnson fails to submit a timely memorandum responding to the Administration's Motion to Dismiss, the Court may treat the Motion as conceded, grant the Motion on the merits while only considering the Administration's arguments, or otherwise dismiss the case without the benefit of Ms. Johnson's input. On the other hand, if Ms. Johnson files a response, when the Court rules on the Administration's Motion to Dismiss, the Court will consider the facts included in the Complaint, along with any legal arguments Ms. Johnson makes in her response. The Court generally will not consider facts alleged for the first time in the response.

Accordingly, the Court hereby ORDERS Ms. Johnson to respond to the Administration's Motion to Dismiss [Dkt. No. 12], on or before March 30, 2026. The Court reiterates that if Ms. Johnson fails to respond by that date, the Court may dismiss this case without the benefit of her position.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 3|2|26