UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BELINDA G. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Civil Action No. 25-1955 (PLF) |

OPINION

This matter is before the Court on a Motion to Dismiss or Alternatively for Summary Judgment ("Mot.") [Dkt. No. 12], filed by the defendant, the Social Security Administration ("SSA"). For the reasons stated below, the Court grants the SSA's Motion to Dismiss.

## I. BACKGROUND

Belinda Johnson, who is proceeding pro se and in forma pauperis, filed her complaint in this case on June 23, 2025. See Pl.'s Complaint ("Compl.") [Dkt. No. 1]. In response, the SSA filed a Motion for a More Definite Statement [Dkt. No. 7], which the Court granted on November 4, 2025, because – although it was clear that Ms. Johnson sought retroactive recovery of her now-reduced Supplemental Security Income ("SSI") – the timeline and supporting details, including the agency decision at issue, were unclear. See Memorandum

Opinion and Order [Dkt. No. 9]. Accordingly, the Court ordered Ms. Johnson to file an amended complaint, correcting the noted deficiencies. See id. at 3.

Ms. Johnson filed her Amended Complaint ("Am. Compl.") [Dkt. No. 10] on December 8, 2025, six days late. In the Amended Complaint, she again challenges, in somewhat more detail, the reduction of her SSI benefit payments. See generally id. According to the Amended Complaint, Ms. Johnson had been receiving SSI benefits for a period of time when, on November 2, 2019, the SSA issued a Notice of Planned Action, declaring that the benefits amount would be reduced by approximately 90% as of December 1, 2019. See id. at 3–4; see also SSA Notice of Planned Action Letter (Nov. 2, 2019) ("NPA Ltr.") [Dkt. No. 12-1, at 40–48]. More specifically, the SSA determined that, due to an increase in Ms. Johnson's other income – specifically, as of October 2019, receipt of $657.00 per month in SSA retirement insurance benefits – Ms. Johnson's monthly SSI benefit amount would be reduced to $134.00. See id. Ms. Johnson maintains that this reduction is miscalculated and erroneous. See Am. Compl. at 4; Pl.'s Opposition to Def.'s Motion ("Opp.") [Dkt. No. 15, at 2, 4].

In response to the Amended Complaint, the SSA filed the pending Motion to Dismiss on February 27, 2026, arguing that Ms. Johnson did not exhaust her administrative remedies before filing her complaint in this Court. See Mot. at 6–9. On March 2, 2026, the Court entered a Memorandum Opinion and Order [Dkt. No. 13], directing Ms. Johnson to respond to the SSA's Motion by May 29, 2026, and warning her that failure to respond could result in the Court ruling on the Motion without the benefit of her position. See id. at 1–2 (citing Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1998) (per curiam)). Ms. Johnson then filed her Opposition to Defendant's Motion on May 19, 2026. See generally Opp.

## II. LEGAL STANDARDS

*A. Failure to State a Claim*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." Hettinga v. United States, 677 F.3d 471, 476 (D.C. Cir. 2012) (per curiam) (citation omitted), cert. denied, 568 U.S. 1088 (2013). The court need not, however "accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." Id. Nor must the court accept "a legal conclusion couched as a factual allegation," or "naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. at 678 (internal quotation marks omitted).

Where a pro se litigant is opposing a motion to dismiss, the court must consider the litigant's submissions in toto. See Brown v Whole Foods Market Group, Inc., 789 F.3d 146, 151–52 (D.C. Cir. 2015) (per curiam) ("a district court errs in failing to consider a pro se litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss"); see also Buchanan v. Sony Music Entm't, Civil Action No. 18-3028 (KBJ), 2020 WL 2735592, at *1 n.2 (D.D.C. May 26, 2020) ("[a]ll factual allegations by a pro se litigant, whether contained in the complaint or other filings in the matter, should be read together in considering whether a motion to dismiss should be granted") (quoting Muhammad v. FDIC, 751 F. Supp. 2d 114, 119 (D.D.C. 2010)), aff'd, 836 Fed. Appx. 16 (D.C. Cir. 2021) (per curiam), cert. denied, 142 S.Ct. 465 (2021). Despite this generous standard, and although a pro se complaint generally "must be

held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a pro se plaintiff is still obligated to "plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" Atherton v. Dist. of Columbia Office of the Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. at 678–79), cert. denied, 559 U.S. 1039 (2010).

In ruling on a motion to dismiss for failure to state a claim, a court may consider the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which a court may take judicial notice, and matters of public record, without converting the motion into one for summary judgment. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Hurd v. Dist. of Columbia, 864 F.3d 671, 678 (D.C. Cir. 2017); EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). When "a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment." Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), aff'd, 38 Fed. Appx. 4 (D.C. Cir. 2002) (per curiam); see Ward v. D.C. Dep't of Youth Rehab. Servs., 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (a court may consider "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss"; and it may do so without converting to summary judgment) (internal quotation marks omitted). A document "need not be mentioned by name to be considered 'referred to' or 'incorporated by reference' into the complaint." Strumsky v. Washington Post Co., 842 F. Supp. 2d 215, 217–18 (D.D.C. 2012) (internal quotation marks

and citations omitted); see also Redmon v. United States, 80 F. Supp. 3d 79, 83–84 (D.D.C. 2015) (same).

At the motion to dismiss stage, "[c]onsideration of administrative complaints and administrative orders filed by the plaintiff on the same claim to determine whether the plaintiff exhausted her administrative remedies is appropriate." James A. v. Soc. Sec. Admin., Civil Action No. 22-3517 (CJN) (RMM), 2024 WL 3988977, at *4 (D.D.C. July 11, 2024) (quoting Sierra v. Hayden, 254 F. Supp. 3d 230, 237 (D.D.C. 2017) (courts may rely on "administrative orders and administrative complaints without converting the motion into one for summary judgment when the documents are referred to in the complaint, . . . are integral to [the plaintiff's] exhaustion of administrative remedies, and are public records subject to judicial notice."). See also Burnside v. Dep't of Just., Civil Action No. 20-2309 (TSC), 2022 WL 715181, at *4 (D.D.C. Mar. 10, 2022) (same)), R&R adopted, 2026 WL 1212287 (D.D.C. May 4, 2026); Chambers v. Dist. of Columbia, 249 F. Supp. 3d 66, 70 n.6 (D.D.C. 2017) (courts may take judicial notice of administrative filings when reviewing exhaustion defenses raised under Rule 12(b)(6)); Howard v. Gutierrez, 474 F. Supp. 2d 41, 48 (D.D.C. 2007) (it "is a well-settled principle that the decision" of a federal agency "is a proper subject of judicial notice") (citation and internal quotation marks omitted); Brandenburg v. Blinken, Civil Action No. 22-2120 (BAH), 2023 WL 4450139, at *1 n.1 (D.D.C. July 11, 2023) ("documents associated with that administrative record are . . . considered as relevant factual background without converting the instant motion into a motion for summary judgment"), aff'd, No. 23-5295, 2024 WL 2152116 (D.C. Cir. May 14, 2024) (per curiam).

In a Social Security case, judicial review of administrative documents is permitted, including review of notices of decisions and determinations made by the SSA, as well as the

appeals arising from those decisions and determinations. See James A. v. Soc. Sec. Admin., 2024 WL 3988977, at *4 (citing Dais v. Berryhill, Civil Action No. 17-1790 (JEB) (RMM), 2018 WL 3838831, at *2 (D.D.C. July 12, 2018). And a court may take judicial notice of such documents without converting a motion to dismiss into a motion for summary judgment. Id.; see Calderon-Lopez v. Saul, Civil Action No. 19-1851 (KBJ), 2021 WL 2103224, at *2 n.2 (D.D.C. May 25, 2021) (a court could take judicial notice of documents filed in SSA administrative proceedings because they are matters of public record) (citing Laughlin v. Holder, 923 F. Supp. 2d 204, 209 (D.D.C. 2013)), appeal dismissed, No. 2024-1963, 2024 WL 3506140 (Fed. Cir. July 23, 2024) (per curiam).

*B. Exhaustion of Administrative Remedies Under the Social Security Act*

The SSI Program established by Title XVI of the Social Security Act, codified at 42 U.S.C. § 1381 et seq., provides benefits to those who are indigent and disabled. See Bowen v. City of New York, 476 U.S. 467, 470 (1986). Agency regulations provide that certain SSA determinations "are subject to administrative and judicial review," including the reduction of SSI benefits. See id. 20 C.F.R. § 416.1402(b) (providing review of "[s]uspension, reduction, or termination of . . . SSI benefits or special SSI cash benefits . . . or suspension or termination of . . . special SSI eligibility status"). If a claimant is ultimately unsatisfied with an SSI reduction, the statute allows for suit in a federal district court. See 42 U.S.C. § 405(g) (judicial review provision); see also 42 U.S.C. § 1383(c)(3) (applying Section 405(g) to SSI claims); see also Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000) (explaining same).

A claimant may pursue judicial review, however, only "after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party[.]" See 42 U.S.C. § 405(g) (emphasis added); see also Califano v. Sanders, 430 U.S. 99, 108 (1977)

(holding that Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'"). The meaning of the term "final decision" is set by agency regulation. See Weinberger v. Salfi, 422 U.S. 749, 766 (1975). To obtain a final decision, a claimant is required to first exhaust all of the available administrative remedies. See Smith v. Berryhill, 587 U.S. 471, 478 (2019). The SSA's regulations outline a four-step process, and each consecutive step bears its own respective requirements and deadlines. 20 C.F.R. § 416.1400(a) (explanation of the administrative review process). All of these requirements must be met to reach a final, judicially reviewable decision. See Ryan v. Bentsen, 12 F.3d 245, 247 (D.C. Cir. 1993).

The first step is the claimant's "presentment" of a claim and the agency's initial determination; the second step is the claimant's appeal for de novo reconsideration of the initial determination; the third step is the claimant's request for an evidentiary hearing before an administrative law judge ("ALJ") for de novo review of the reconsideration determination; and the fourth step is the claimant's request for review by the SSA's Appeals Council. See 20 C.F.R. § 416.1400(a)(1)-(5) (memorializing four steps). Only after all four steps have been completed is there a final decision that is subject to judicial review. See Ryan v. Bentsen, 12 F.3d at 247. Exhaustion is not merely a formality; rather, it is "required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." Weinberger v. Salfi, 422 U.S. at 765.

This four-step exhaustion process includes jurisdictional and non-jurisdictional components. See Cost v. Soc. Sec. Admin., 770 F. Supp. 2d 45, 48 (D.D.C. 2011), aff'd,

No. 11–5132, 2011 WL 6759544 (D.C. Cir. Dec. 2, 2011) (per curiam). The initial presentment requirement is jurisdictional and cannot be waived, but the three steps that follow—reconsideration, an ALJ hearing, and review by the Appeals Council—are non-jurisdictional and may be waived in limited circumstances. See id. at 48–49 (citing Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. at 23; Bowen v. City of New York, 476 U.S. at 483).

In its pending motion, the SSA argues that Ms. Johnson did not exhaust any of the non-jurisdictional requirements. See Mot. at 6–9. Therefore, it says, its Motion to Dismiss is properly analyzed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Id. at 4; see Cost v. Soc. Sec. Admin., 770 F. Supp. 2d at 49 (same); Suarez v. Colvin, 140 F. Supp. 3d 94, 99 (D.D.C. 2015) (same); Navarro v. Comm'r of Soc. Sec., 217 F. Supp. 3d 280, 281 (D.D.C. 2016) (same); see also Hall v. Sebelius, 689 F. Supp. 2d 10, 18 (D.D.C. 2009) ("Rule 12(b)(6) applies to non-final agency action and failure to exhaust.").

## III. DISCUSSION

### *A. Ms. Johnson Failed to Exhaust Administrative Remedies*

The Court finds that Ms. Johnson has failed to administratively exhaust her claim. There is no dispute that, on November 2, 2019, the SSA issued the Notice of Planned Action concerning the impending reduction of Ms. Johnson's SSI benefit payments. See NPA Ltr. The Notice advised that Ms. Johnson could appeal by filing a reconsideration request in writing within 60 days of her receipt of the Notice, and it explained that the presumed date of receipt was five days after the Notice's issuance, or November 7, 2019. See id.; see also 20 C.F.R. § 416.1401 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period.") (emphasis in original); id. § 416.1409(a) (memorializing 60-day deadline). The Notice also explained the reconsideration

filing process, provided resources for additional assistance with that process, and informed Ms. Johnson that she would need to provide "a good reason" if she waited longer than 60 days to file for reconsideration. See NPA Ltr.; see also 20 C.F.R. § 416.1409(b) (explaining process to request extension of time to file for reconsideration); id. § 416.1411 (factors to be considered in assessing good cause for such extension).

Ms. Johnson concedes that she did not file a request for reconsideration within the allotted 60 days. See Opp. at 2–3. According to Ms. Johnson, her First Request for Reconsideration was not filed until October 26, 2020, and her Second Request for Reconsideration was filed on January 29, 2021. She then apparently sent follow-up letters to various SSA offices on June 21, 2021. See id.; Mot. Exhibit F, Pl.'s Requests for Reconsideration ("Recon. Reqs.") [Dkt. No. 12-1 at 50–55]. That means that Ms. Johnson's earliest Request for Reconsideration was filed 294 days beyond her January 6, 2020 deadline. See 20 C.F.R. §§ 416.1401, 416.1409(a).

"When a party fails to file a timely request for administrative reconsideration of a SSA determination, the party failed to exhaust their administrative remedies." James A. v. Soc. Sec. Admin., 2024 WL 3988977, at *9 (citing Harris v. Sebelius, Civil Action No. 13-5133, 2013 WL 6222952, at *1 (D.C. Cir. Nov. 14, 2013) (per curiam)). "The D.C. Circuit has found that dismissal on this basis is proper." Id. In other words, because Ms. Johnson did not meet her administrative deadline to file for reconsideration of the Notice of Planned Action, "the final two steps of the administrative appeals process are unavailable to h[er]." See id.; see also Bowen v. City of New York, 476 U.S. at 471–72 ("Proceeding through these three stages [of reconsideration, ALJ hearing, and Appeals Council] exhausts the claimant's administrative remedies."). And because Ms. Johnson has not completed all three of the steps of the exhaustion

process, the challenged benefits reduction is not a judicially reviewable final decision of the Commissioner that can be raised with this Court. See James A. v. Soc. Sec. Admin., 2024 WL 3988977, at *9 (finding that because the plaintiff failed to establish that he timely sought reconsideration of SSA's denial of benefits, his "complaint fail[ed] in its entirety"); see also 20 C.F.R. § 416.1400(a)(5) ("When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court"); id. § 416.1481 ("You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action.").

In response, Ms. Johnson asserts, for the first time in her Opposition, that she "never received" a copy of the November 2, 2019 Notice of Planned Action. See Opp. at 2. It is established, however, that lack of receipt does not relieve Ms. Johnson from the obligation to administratively exhaust her claim. See James A. v. Soc. Sec. Admin., 2024 WL 3988977, at *2, *10 (finding that "[t]he fact that [the plaintiff] may not have received a notice or personal conferences in response to his application denials is inapposite" to exhaustion requirements); accord James A. v. Kijakazi, Civil Action No. 21-0330 (SAG), 2021 WL 4850868, at *4 (D. Md. Oct. 18, 2021) ("While the court is sympathetic to Plaintiff's argument that he did not receive SSA's notices, unfortunately this does not waive Plaintiff's requirement to complete the administrative review process established by SSA before he may seek judicial review before this court.") (citing Smith v. Berryhill, 587 U.S. at 488; Weinberger v. Salfi, 422 U.S. at 765), aff'd, No. 22-1024, 2022 WL 2355489 (4th Cir. June 30, 2022) (per curiam).

The SSA is afforded a rebuttable presumption that Ms. Johnson received the Notice of Planned Action. See Marte v. Apfel, Civil Action No. 96-9024 (LAP), 1998 WL 292358, at *1–2 (S.D.N.Y. June 3, 1998); Smith v. Comm'r of Soc. Sec., Civil Action No. 20-1384 (MKB), 2023 WL 5806222, at *3 (E.D.N.Y. Sept. 6, 2023) (collecting cases). That presumption may be rebutted by a "reasonable showing," see Marte v. Apfel, 1998 WL 292358, at *1, but Ms. Johnson "must do more than merely assert" that she did not receive the Notice. Id. at *2. Her bare statement that she did not receive the Notice of Planned Action is the type of "mere assertion" that is insufficient to rebut the presumption afforded the SSA.

To the contrary, the record reinforces the presumption of Ms. Johnson's receipt. The Notice of Planned Action was mailed to Ms. Johnson's last known address of record, compare NPA Ltr., with Application Summary of Benefits (July 12, 2019) [Dkt. No. 12-1, at 29–35] (noting same address of record as NPA Ltr.), and with Notice of Award (July 19, 2019) (same) [Dkt. No. 12-1, at 36–38], in accordance with the applicable regulations. See 20 C.F.R. § 416.1404(a) ("We will mail a written notice of our initial determination to you at your last known address."); see also Guerra v. Comm'r of Soc. Sec., Civil Action No. 12-6750 (CS) (PED), 2013 WL 3481284, at *3 (S.D.N.Y. July 1, 2013) (dismissing claims where the plaintiff argued that she did not receive the SSA's notice, sent to her last address of record, because she "proffered no affirmative explanation or evidence to support her claim that she did not receive the hearing notices that the agency claims to have mailed such that she may have had good cause for failing to appear.").

Even assuming that Ms. Johnson did not receive the Notice, however, she still was required to raise her lack of receipt with the SSA, not with this Court. See NPA Ltr.; 20 C.F.R. § 416.1409(b); id. § 416.1411(b)(7) (listing lack of receipt of the initial determination as potential

good cause for extension); see also Medeiros v. Soc. Sec. Admin., Civil Action No. 11–0660 (ACK) (RLP), 2012 WL 629146, at *3 (D. Haw. Feb. 27, 2012) ("a plaintiff's allegations of good cause must be brought to the attention of the SSA, and cannot be properly considered in a subsequent district court appeal."). And her Requests for Reconsideration raise neither alleged lack of receipt nor any other good cause to support their late-filing. See Recon. Reqs.

Finally, the Court notes that Ms. Johnson herself admits that she was placed on notice of the SSA's determination on or about December 1, 2019, the effective date of the SSI benefit reduction. See Am. Compl. at 4; NPA Ltr.. Notwithstanding this notice, Ms. Johnson took no further action for roughly eleven months, and she fails to explain this protracted delay. See Guerra v. Comm'r of Soc. Sec., 2013 WL 3481284, at *3 (dismissing claims where the plaintiff "apparently received" some form of notice at a later date, yet still offered no explanation for her delay).

In sum, Ms. Johnson acknowledges that she failed to timely file for reconsideration of the Notice of Planned Action, and she now attempts to skip any remaining steps and proceed directly to judicial review of the SSA's initial determination. This she may not do. Her case therefore must be dismissed under Rule 12 (b). See Navarro v. Comm'r of Soc. Sec., 217 F. Supp. 3d at 282 (dismissing claims where, "[m]issing from the complaint . . . [were] any factual allegations to support the notion that plaintiff ha[d] progressed beyond the first two steps of SSA's four-step administrative review process" and because plaintiff did not allege that she "had a hearing before an Administrative Law Judge or review by the Appeals Council."); Hall v. Sebelius, 689 F. Supp. 2d at 23 (finding that a failure to fully and properly exhaust administrative remedies under Section 405(g) is "fatal" to a claim, subjecting it to dismissal

under Federal Rule 12(b)); Suarez v. Colvin, 140 F. Supp. 3d at 102 (same); Beattie v. Astrue, 845 F. Supp. 2d 184, 192–93 (D.D.C. 2012) (same); Blackman v. Soc. Sec. Admin., Civil Action No. 18-cv-2743 (CRC), 2019 WL 1440890, at *2 (D.D.C. Apr. 1, 2019) (same).

### *B. The Exhaustion Requirement Has Not Been Waived in this Case*

Failure to exhaust administrative remedies may be waived in certain circumstances. See Hall v. Sebelius, 689 F. Supp. 2d at 23-24. Because Ms. Johnson is not "entitled to judicial relief until the prescribed administrative remedy has been exhausted," in "seeking judicial review before exhaustion[,]" she bears "the burden of showing that one or more exceptions apply." Turnbull v. Kijakazi, No. 20-5365, 2021 WL 5993232, at *2 (D.C. Cir. 2021) (per curiam) (quoting Tesoro Refin. & Mktg. Co. v. FERC, 552 F.3d 868, 872 (D.C. Cir. 2009)) (internal quotation marks omitted). Three specific "exceptional circumstances" may be the basis for waiver of the exhaustion requirement under Section 405(g), namely, when: (1) the claim is entirely collateral to a benefits payment; (2) exhaustion would be futile; or (3) the plaintiff would be irreparably injured by the exhaustion requirement. See UDC Chairs Chapter, Am. Ass'n of Univ. Professors v. Bd. of Tr. of the Univ. of D.C., 56 F.3d 1469, 1475 (D.C. Cir. 1995); Triad at Jeffersonville I, LLC v. Leavitt, 563 F. Supp. 2d 1, 16 (D.D.C. 2008) (citing Bowen v. City of New York, 476 U.S. at 483–85). Ms. Johnson has not satisfied any of these limited exceptions to the exhaustion requirement.

#### 1. Collaterality

Ms. Johnson does not, and could not, argue that her claim is collateral to benefits payments. A claim is collateral if it challenges "some element of the process that stands apart from the ultimate question of whether [the plaintiff] will receive benefits in a particular case."

Turnbull v. Berryhill, 490 F. Supp. 3d 132, 141 (D.D.C. 2020), aff'd, No. 20-5365, 2021 WL 5993232, at *2 (D.C. Cir. 2021) (per curiam). Here, Ms. Johnson repeatedly has asked the Court to retroactively reinstate her increased SSI payments—precisely the same issue that she asks the SSA to reconsider. See Am. Compl. at 4; Opp. at 1, 7 ; see also Alexander v. Comm'r of Soc. Sec. Civil Action No. 23-2939 (TJK) (ZMF), 2023 WL 9468247, at *3 (D.D.C. Dec. 23, 2023) (a claim seeking a modification to SSA benefits is not collateral) (citing Bowen v. City of New York, 476 U.S. at 469 (claims are collateral where plaintiffs did not seek benefits, but challenged SSA's failure to follow regulations)), R&R adopted, 2024 WL 1156582 (D.D.C., Jan. 19, 2024); Ware El v. Soc. Sec. Admin., Civil Action No. 19-1684 (TNM) (GMH), 2020 WL 1853746, at *5 (D.D.C. Jan. 27, 2020) (plaintiff's claim for retirement insurance benefits eligibility was "clearly not 'collateral' to a claim for payment—it [was], itself, a claim for payment.").

Ms. Johnson undisputedly has presented a direct claim for substantive benefits, eliminating any possibility of collaterality. See Turnbull v. Berryhill, 490 F. Supp. 3d at 142–43 (finding that a claim was not collateral where a ruling in the plaintiffs' favor would have "increase[d] the amount of benefits they receive[d]" and noting that just because the plaintiffs had "already been found to be entitled to some benefits does not mean that a suit seeking to increase those benefits is collateral.") (emphasis in original).

2. Futility

The Court also finds the futility exception inapposite to the circumstances presented. "The futility exception only applies where exhaustion would be 'clearly useless,' such as where the agency 'has indicated that it does not have jurisdiction over the dispute, or because it has evidenced a strong stand on the issue in question and an unwillingness to

reconsider the issue.'" Hall v. Sebelius, 689 F. Supp. 2d at 23–24 (quoting Randolph-Sheppard Vendors of America v. Weinberger, 795 F.2d 90, 106 (D.C. Cir. 1986)). "The mere probability of administrative denial of the relief requested does not excuse failure to pursue administrative remedies, rather [plaintiffs] must show that it is certain that their claim will be denied." UDC Chairs v. Bd. of Tr. of the Univ. of D.C, 56 F.3d at 1475 (internal quotation marks omitted). Futility is not demonstrated by mere lack of success at a previous administrative stage, see Ware El v. Soc. Sec. Admin., 2020 WL 1853746, at *5, or even by a very high likelihood of an adverse decision. See Turnbull v. Berryhill, 490 F. Supp. 3d at 139 (citing Comm'cns Workers of Am. v. AT&T Co., 40 F.3d 426, 433 (D.C. Cir. 1994)).

Here, there is no suggestion that the SSA has adopted a covert and unlawful policy, that it lacks jurisdiction, or that it is otherwise staunchly opposed to reconsidering Ms. Johnson's claim. See Calderon v. Berryhill, Civil Action No. 17-494 (RDM), 2019 WL 4575605, at *6 (D.D.C. Sept. 20, 2019). The futility exception therefore does not apply. See id.; see also Cost v. Soc. Sec. Admin., 770 F. Supp. 2d at 51 (finding that the futility exception did not apply when "[n]othing in the record suggest[ed] that the SSA would be unwilling . . . to consider" plaintiff's claim at administrative stages, and that "a full and fair adjudication of [the] claims would be best achieved by allowing the SSA an opportunity to . . . compil[e] a record which is adequate for judicial review with the benefit of the SSA's experience and expertise."); Suarez v. Colvin, 140 F. Supp. 3d at 102 (same). Insofar as Ms. Johnson suggests that exhaustion is futile because she has yet to receive agency responses to her late-filed Reconsideration Requests and correspondence, see Opp. at 3, "a lengthy administrative appeal

process, standing alone, is not a satisfactory reason to excuse exhaustion[.]" Suarez v. Colvin, 140 F. Supp. 3d at 102 (citing Randolph–Sheppard Vendors of Am. v. Weinberger, 795 F.2d at 108).

Notably, even though "it might now be too late for" Ms. Johnson to pursue the final three steps of the administrative process, "one cannot avoid an exhaustion requirement merely by delaying beyond the time that an administrative proceeding must be brought[.]" Calderon v. Berryhill, 2019 WL 4575605, at *6 (quoting Steadman v. Governor, U.S. Soldiers' & Airmen's Home, 918 F.2d 963, 968 (D.C. Cir. 1990)) (internal quotation marks omitted).

3. Irreparable Injury

Finally, although less than explicit, it appears that Ms. Johnson relies largely on the third and final exception—irreparable injury. See Opp. at 4, 6–7. She states that, due to the decrease in her SSI payments, she suffers "financial hardship," including difficulty paying for medical care for her "debilitating medical maladies" and age-related adversities, and for other costs of daily living. See id. But Ms. Johnson does not provide specifics to support these generalities, and typically "age and medical condition are insufficient to meet the demanding standard for demonstrating irreparable harm." Suarez v. Colvin, 140 F. Supp. 3d at 101 (internal quotation marks omitted). "[I]f it were enough to show irreparable harm that an elderly plaintiff was faced with a lower standard of living, then many Social Security recipients . . . would be excused from the administrative review process, and the exception would swallow the rule." Turnbull v. Berryhill, 490 F. Supp. 3d at 143 (finding no irreparable harm where the plaintiffs argued that they were "elderly, retired people with limited incomes and" that the reduction to their SSA benefits bore "a significant impact on Plaintiffs' standard of living at an advanced age" that could not reasonably "be recouped years later") (internal quotation marks omitted).

Furthermore, "[t]o demonstrate irreparable harm, a plaintiff generally must demonstrate more than economic distress, even if severe." Nat'l Ass'n for Home Care & Hospice, Inc. v. Burwell, 77 F. Supp. 3d 103, 110 (D.D.C. 2015). In "the absence of special circumstances, . . . recoverable economic losses are not considered irreparable." Taylor v. Resolution Trust Corp., 56 F.3d 1497, 1507 (D.C. Cir. 1995); see Thibeaux v. Soc. Sec. Admin., Civil Action No. 12-1588 (RWR) (AK), 2012 WL 12921350, at *1 (D.D.C. Sept. 25, 2012) ("It is 'well settled that economic loss [here the denial or delay of Social Security benefits] does not, in and of itself, constitute irreparable harm.'") (quoting Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam)); Alexander v. Comm'r of Soc. Sec., 2023 WL 9468247, at *3 (same). This is largely because, as here, the alleged economic injury "could be remedied by a retroactive payment of SSI benefits." Thibeaux v. Soc. Sec. Admin., Civil Action No. 12-1588 (RWR) (AK), 2015 WL 12964650, at *8 (D.D.C. Oct. 20, 2015), R&R adopted, 2016 WL 7839127 (D.D.C. Apr. 18, 2016), aff'd, 2016 WL 6915553 (D.C. Cir. Oct. 6, 2016) (per curiam); see also Beattie v. Astrue, 845 F. Supp. 2d at 193 (same). Ms. Johnson has not sufficiently differentiated her putative economic losses as "certain" or "great," nor has she shown that these alleged losses are exceptional to the point of irremediability, rendering the irreparable injury exception inapplicable to her claim. See Wisconsin Gas Co. v. FERC, 758 F.2d at 674.

## IV. CONCLUSION

Ms. Johnson has neither exhausted her administrative remedies nor demonstrated her entitlement to a waiver of this requirement under any of the applicable exceptions. For these reasons, and as explained above, the Court grants the SSA's Motion to Dismiss [Dkt. No. 12], and it dismisses this case. Ms. Johnson's Motion for Trial [Dkt. No. 16] is denied as moot. A final, appealable Order will be issued this same day.

Paul L. Friedman

PAUL L. FRIEDMAN
United States District Judge

DATE: 11/3/26